UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIO PEARSON,

        Plaintiff,

        v.                           Case No. 20-C-1656

KEVIN WHEELER,

        Defendant.

## SCREENING ORDER

Plaintiff Mario Pearson, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Pearson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Pearson has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Pearson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $40.64. Pearson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Pearson alleges that two people were fighting in the cage where he was being held. Defendant Kevin Wheeler allegedly entered and ordered Pearson, who was not involved in the fight, to submit. Pearson asserts that, despite him complying and getting on his knees with his hands up, Wheeler shot him with a taser. Pearson notes that this is not the first time this has happened. According to Pearson, some lieutenants (who are not defendants) then put him in the hole. He was released after an unspecified amount of time. Pearson alleges that he was told what Wheeler had done was wrong and would be handled internally.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court will allow Pearson to proceed on a claim against Wheeler based on his allegations that Wheeler tased him even though Pearson had no involvement in the fight and had complied with Wheeler's order to submit.

It is not clear whether Pearson was a pretrial detainee or a convicted prisoner at the relevant time. If he was a pretrial detainee, his rights arise under the Fourteenth Amendment; if he was a convicted prisoner, his rights arise under the Eighth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (explaining that the standard for a pretrial detainee's excessive force claim is solely an objective one); *see Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004)

3

(explaining that the central question under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm"). Pearson states a claim under both amendments.

The Court will not, however, allow Pearson to proceed against Wheeler based on Pearson's placement in segregation. According to Pearson, unidentified lieutenants put him in segregation, suggesting that Wheeler was not responsible for the placement decision. Under §1983, a person must be personally responsible for the alleged misconduct to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, Pearson does not specify how long or why he was placed in segregation. He alleges that when he was released, he was told that Wheeler had acted improperly, suggesting Pearson was placed in segregation pending an initial investigation. Under those circumstances, Pearson would fail to state a claim regardless of who made the decision to place him in segregation. *See Holly v. Woolfolk*, 415 F.3d 678, 681 (7th Cir. 2005) (relying on *Hewitt v. Helms*, 459 U.S. 460, 473–74 (1983)).

**IT IS THEREFORE ORDERED** that Pearson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Pearson's complaint and this order are being electronically sent today to Milwaukee County for service on Kevin Wheeler.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Wheeler shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $309.36 balance of the filing fee by collecting monthly

payments from Pearson's prison trust account in an amount equal to 20% of the preceding month's income credited to the Pearson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Pearson is transferred to another institution, the transferring institution shall forward a copy of this order along with Pearson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined, Milwaukee County Sheriff, and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Pearson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Pearson may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 15th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge